UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER LOOK,

        Plaintiff,

vs.                            Case No.   2:05-cv-417-FtM-33SPC

LOOK INSURANCE INC.; LINCOLN BENEFIT
LIFE COMPANY,

        Defendants.
_____

**ORDER**

     This matter comes before the Court on plaintiff's Motion to Remand (Doc. #14) filed on October 3, 2005.  Both Look Insurance, Inc., ("Look Insurance") and Lincoln Benefit Life Company ("Lincoln Benefit") have filed responses (Doc. ##15 and 28).

**I.**

     On July 26, 2005, plaintiff, a Florida resident, filed a complaint against Look Insurance, a Florida corporation, and Lincoln Benefit, a Nebraska corporation, in state court, alleging two claims: (1) negligence against Look Insurance ; and (2) breach of contract against Lincoln Benefit (Doc. #1).  In the first claim, plaintiff asserts that Look Insurance employees were negligent in converting plaintiff's Allstate Insurance policy into a Lincoln Benefit Insurance Policy, and as a result, Lincoln Benefit has refused to pay plaintiff benefits on plaintiff's wife's death (Doc. #2).  In the second claim, plaintiff alleges that, in failing to

pay benefits on the policy, Lincoln Benefit breached its obligations under the insurance policy. (Id.)

Lincoln Benefit timely filed a notice of removal, alleging that Look Insurance, a non-diverse defendant, was fraudulently joined. (Doc. #1 at 1). As such, Lincoln Benefit contends that removal was proper pursuant to the doctrine of fraudulent joinder, which provides an exception to the requirement of complete diversity. (Id.) In its opposition to the motion to remand, Look Insurance makes identical arguments. (Doc. #28). In support of the allegations of fraudulent joinder, defendants argue that plaintiff alone filled out the conversion policy and thus plaintiff is the negligent party. (Doc. #15 at 3; Doc. #28 at 1). On these grounds, defendants contend that plaintiff, although suing a corporation, is in reality suing himself. (Doc. #15 at 4; Doc. #28 at 1).

Following removal, plaintiff moved to remand (Doc. #14). Plaintiff argues that the defendants have failed to carry the heavy burden placed on the defendants to establish fraudulent joinder. (Doc. #14 at 1). As such, since Look Insurance is non-diverse, plaintiff contends that the Court lacks jurisdiction. (Doc. #14 at 7).

**II.**

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287

(11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. Id. Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001)(citations and quotations omitted). In Tillman, the Eleventh Circuit certified a question to the Alabama Supreme Court, unrelated to the present analysis. After the Alabama Supreme Court answered the certified question, the Eleventh Circuit reiterated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, but the Court may consider the affidavits submitted in connection with the Notice of Removal.  Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  The Court's function, however, is limited, and plaintiff's burden is light.  "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved."  Crowe v. Coleman, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted)(emphasis added).

Under this standard, the case at bar must be remanded.  Even if the Court accepted as true defendants' allegations that plaintiff completed the conversion policy and thus is in effect accusing himself of negligence, to find fraudulent joinder, the Court would also have to find that the plaintiff has no cause of action against Look Insurance.  Arguing this point, defendants contend that the suit against Look Insurance violates the well-established principle that a person cannot sue himself, citing to United States v. ICC, 337 U.S. 426, 430 (1949). (Doc. #15 at 5; Doc. #28 at 1).  The foundation of the Supreme Court's finding in ICC is the case or controversy requirement of Article III of the United States Constitution.  TVA v. United States Envtl. Prot.

Agency, 278 F.3d 1184, 1193 (11th Cir. 2002)(quoting United States v. ICC, 337 U.S. 426, 430 (1949)("The Constitution's case or controversy requirement gives rise to a 'general principle that no person may sue himself.'"). However, "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability . . . ." ASARCO, Inc. v. Kadish, 490 U.S. 605, 617 (citing Pennell v. San Jose, 485 U.S. 1, 8 (1988); Los Angeles v. Lyons, 461 U.S. 95, 113 (1983); Doremus v. Board of Educ. of Hawthorne, 342 U.S. 429, 443 (1952); Sec'y of State of Md. v. J. H. Munson Co., 467 U.S. 947, 971 (1984) (Stevens, J., concurring); Bateman v. Arizona, 429 U.S. 1302, 1305 (Rehnquist, Circuit Justice 1976). Accordingly, defendants' reliance on Article III's prohibition against self-suit is improper.

Apart from the federal prohibition against self-suit, Lincoln Benefit also cites to several Florida spousal immunity cases to establish the proposition that the plaintiff here can not sue Look Insurance. (Doc. #15 at 6). The Court cannot find that the cited precedent, as applied to these facts, makes it "clear that, under the law of the state in which the action is brought, the facts asserted by plaintiff as the basis for liability . . . [are] as a matter of local law plainly a sham and frivolous." Parks v. New York Times Co., 308 F.2d 474, 477 (5th

Cir. 1962). While, of course, the proposition that a person cannot sue himself is logical, the Florida precedent on the specific scenario presented here is scarce. The removing party bears the burden of persuasion. The cases cited by the defendants do not clearly establish that plaintiff's case is sham and frivolous, and thus the Court is unpersuaded on this point.

While the Court is quite skeptical, the Court cannot clearly find that plaintiff has no cause of action against Look Insurance. "To the extent, if at all, that Florida case law is unclear . . . the Court is to resolve the uncertainty in favor of the Plaintiff's original choice of forum and to remand the case." Sunbeam Television Corp. v. Columbia Broad. Sys., Inc., 694 F. Supp. 889, 893 (S.D. Fla. 1988)(citing B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981)). On this mandate, the Court cannot find that Look Insurance was fraudulently joined. As Look Insurance is a Florida corporation, complete diversity is absent, and the Court must remand.

To the extent that plaintiff seeks fees and costs for the "improper" removal of the case, the Court will exercise its discretion and deny that request for fees and costs.[1]

---

[1] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses, including attorney fees, is a matter within the sound discretion of the court. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983); Fowler v. Safeco Ins. Co. of Am., 915
(continued...)

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion to Remand (Doc. #11) is **GRANTED.**

2. The Clerk of the Court is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is directed to close this case and terminate all other pending motions as moot, including Lincoln Benefit's Motion to Consolidate this case with another case pending before the Court, Lincoln Benefit Life Company v. Look, Case No. 2:05-cv-353-FtM-33DNF.

4. The Clerk is directed to file a copy of this order in Case No. 2:05-cv-353-FtM-33DNF.

**DONE** and **ORDERED** at Fort Myers, Florida, this 18th day of May, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

---

¹(...continued)
F.2d 616, 617 (11th Cir. 1990).